NIGHT BOX
FILED

JUN 3 0 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) HCR MANOR CARE SERVICES, INC., ) ) ) Defendant. ) _____) | 05-61085 CIV-COHN COMPLAINT MAGISTRATE JUDGE SNOW JURY TRIAL DEMANDED INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Amy Dixon, who was adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Ms. Dixon was subjected to sexual harassment by the Director of Nursing, a management official of Defendant, HCR Manor Care Services, Inc. ("HCR Manor"). The Commission further alleges that Defendant subsequently retaliated against Ms. Dixon for complaining of the sexual harassment by terminating her employment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and

1

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, HCR Manor, an Ohio corporation, has continuously been doing business in the State of Florida and the City of Plantation, and has continuously had at least 15 employees.

5. At all relevant times, HCR Manor has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Dixon filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2004 Defendant Employer engaged in unlawful employment practices at its Plantation Florida location in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a) which included the following:

    a.    Amy Dixon was subjected to sexual harassment by the Director of Nursing, a management official of Defendant, in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile, and offensive work environment. The harassment included, but was not limited to, a management official calling Ms. Dixon "babe" on a daily basis, attempting to kiss her on one occasion, exposing herself to her on another occasion, putting her arms around her on a regular basis, and making her feel uncomfortable in general when she was called into the management official's office more than other employees and the management official closed the door.

    b.    Defendant failed to take prompt corrective action when it knew or should have known of the sexual harassment.

    c.    Defendant retaliated against Amy Dixon for complaining of the sexual harassment by terminating her from her Night Shift Supervisor position.

8. The effect of the conduct complained of in paragraph 7 above has been to deprive Ms. Dixon of equal employment opportunities and otherwise adversely affect her status as an employee and/or in retaliation for her opposition to unlawful employment practices.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Dixon.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment or any other employment practice which discriminates on the basis of sex and/or opposition to an unlawful employment practice.

B.    Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past unlawful employment practices.

C.    Order Defendant to make whole Amy Dixon by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place reinstatement or front pay.

D.    Order Defendant to make whole Amy Dixon by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out of pocket losses in amounts to be determined at trial.

E.    Order Defendant to make whole Amy Dixon by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F.    Order Defendant to pay Amy Dixon punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

ERIC S. DRIEBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

MICHAEL J. FARRELL
Supervisory Trial Attorney

_____
MARITZA I. GOMEZ
PR. Bar. No. 15183
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
Two Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 530-6010
Fax: (305) 536-4494
E-mail: maritza.gomez@eeoc.gov
Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**05-61085**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission

### DEFENDANTS
HCR Manor Care Services, Inc.

**CIV-COHN**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE SNOW**

NIGHT BOX FILED
JUN 30 2005
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

(c) Attorney's (Firm Name, Address, and Telephone Number)
EEOC, Miami District Office
One Biscayne Tower, Suite 2700
2 South Biscayne Boulevard
Miami, FL 33131 Tel #: (305)530-6010

Attorneys (If Known)

Broward 05-61085-CIV-Cohn / Snow

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Sexual Harassment and Retaliation under Title VII of the Civil Rights Act of 1964.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 06/30/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____